*13-MJ-2078-MBB*

## AFFIDAVIT OF SPECIAL AGENT GREGORY M. FEDERICO

I, Gregory Federico, having been first duly sworn, do hereby depose and state as follows:

1. I am a Special Agent ("SA") of the Federal Bureau of Investigation ("FBI"), United States Department of Justice, and have been so employed for approximately six years. I am currently assigned to the Lakeville Resident Agency, within the Boston Division. My responsibilities include the investigation of various criminal offenses, including the investigation of crimes involving the distribution of controlled substances. I am currently assigned to the South Eastern Massachusetts Gang Task Force ("SEMGTF") located in Brockton, Massachusetts (MA), a position I've had since July 2011. Prior to my current assignment, I was assigned to the Organized Crime Drug Enforcement Task Force ("OCDETF") for approximately one year. Since becoming a Special Agent with FBI, I have participated in dozens of narcotics investigations as a case agent and in subsidiary roles relating to the distribution of controlled substances, including, cocaine, heroin, cocaine base, marijuana, and other illegal substances in violation of the federal and state anti-drug laws, including Title 21, United States Code, Sections 841(a)(1) and 846. I have participated in narcotics investigations that involve wiretaps, physical surveillance, undercover transactions, the

execution of search warrants, debriefings of informants and witnesses, the review of taped conversations, and the analysis of telephone, financial and drug records. Through my training, education and experience, I have become familiar with the manner in which illegal drugs are transported, stored, and distributed and the methods of payment for such drugs.

2. This affidavit is submitted in support of an application for a warrant to search the residence of Robert Lavey, (hereinafter the "Target Subject"), which is located at 57 Montrose Street, Brockton, MA (hereinafter the "Target Location"), which has been more fully described in Attachment A of this affidavit.

3. The statements contained in this affidavit are based upon my investigation, information provided by other FBI agents and/or law enforcement personnel. Because this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish the requisite probable cause for the issuance of a search warrant for the Target Location.

## BACKGROUND

4.     On December 13, 2012, the Honorable Patti B. Saris, United States District Judge, District of Massachusetts signed and order authorizing the interception of wire communications to and from T-Mobile cellular telephone assigned number, 508-315-2585 used by Roosevelt Wilson.  On January 11, 2013, the Honorable George A. O'Toole, United States District Judge, District of Massachusetts signed and order authorizing the continued interception of wire communications to and from T-Mobile cellular telephone assigned number, 508-315-2585, hereinafter referred to as Wilson Telephone, used by Roosevelt Wilson.1  Interceptions were terminated on February 8, 2013.'

5.     As a result of listening to wire communications, I learned that the user of telephone number 508-272-1514 was a source of supply of marijuana to Wilson, who subsequently redistributed it to customers.  Through subscriber information received from the service provider, I learned that 508-272-1514 was a Verizon Wireless telephone subscribed in the name of Robert Lavey, 57 Montrose Street, Brockton, MA.

### 1) Lavey Resided at the Target Location

---

1   Judge O'Toole also authorized interceptions over another telephone, unrelated to this investigation.

6. During this investigation I sought and received a digital image photograph of Robert Lavey, Date of Birth ("DOB") XX/XX/72, from the Massachusetts Registry of Motor Vehicles ("RMV"). The registry showed Lavey's address of 57 Montrose Street, Brockton, MA. Through physical surveillance and the use of pole camera surveillance during the course of the wiretap investigation, Lavey was identified as the user of telephone number 508-272-1514.

7. A RMV query of vehicles owned by Lavey and a listed address of 57 Montrose Street, Brockton, MA revealed an active 2001 Mercury sedan, brown in color, with Massachusetts registration 739NA9; an active 2008 Mercedes sedan, black in color, with Massachusetts registration 98HK73; and an active 2004 Lexus SUV, black in color with Massachusetts registration 3463PY.

8. During this investigation, Lavey has been observed at Wilson's residence operating each of the above referenced vehicles. Also, all of the above vehicles have been observed parked in the driveway of 57 Montrose St, Brockton, MA.

9. A check of Lavey's Massachusetts Board of Probation ("BOP") revealed four adult arraignments, all of which were in 1992. In September 1992, Lavey was found guilty of Possession of Class D (marijuana) and received probation.

10. During the investigation, I checked the City of Brockton's Assessors online database. The residential property record card shows 57 Montrose Street as being owned by Robert Lavey and Maria Lavey of 57 Montrose Street, Brockton, MA. The property is listed as a single family, with a deed dated 4/1/2003.

## 2) The Wiretap Intercepted Calls

11. The following are examples of intercepted telephone calls between Lavey and Wilson.

12. On January 2, 2013 at approximately 6:53 p.m., Wilson received an incoming call from 508-272-1514, determined to be Lavey. During this conversation, Wilson asked Lavey if he was "good". Lavey told him "I just came back from there". Wilson asked Lavey if it was the "same thing" which Lavey confirmed. Wilson then stated "at least it's fresh right". Wilson later stated "maybe you can throw me a fifty bag of your head weed". Lavey replied "It would be the same thing just more money". Wilson and Lavey then agreed to meet.

13. I believe that Lavey had recently received a new shipment of marijuana and that Lavey was notifying Wilson of that. For example, "I just came back from there". Wilson was discussing the marijuana's quality by stating "at least it's fresh right". I also believe that Lavey sells different types

of marijuana and that he sells them for different prices. For example, Wilson asked, "Maybe you can throw me a fifty bag of your head weed" and Lavey responded "It would be the same thing just more money".

14. On January 3, 2013, at approximately 1:47 p.m., Wilson placed an outgoing call to Lavey. During the conversation Lavey and Wilson argued about who was supposed to call who back, referring to the previous night's conversation. Wilson eventually asked Lavey if he was "home". Lavey stated that he was not home but that he was on his way. Wilson wanted Lavey to come see him but Lavey told Wilson that he's "working" and that he can't drive the "phone truck" around and that when he's "home it's parked there until 3". During this investigation, I have observed a Verizon telephone truck parked at Lavey's residence on numerous occasions between 2:00 p.m. and 3:00 p.m. Wilson agreed to meet at Lavey's residence.

15. I believe Wilson agreed to meet Lavey at his residence to purchase the marijuana they previously discussed on January 2, 2013. Originally, Wilson wanted Lavey to come to his residence but Lavey stated that he had his work truck and couldn't leave his house, so Wilson agreed to meet Lavey there.

16. On January 3, 2013, at approximately 2:19 p.m., Lavey called Wilson and told him that he is pulling up to his "house" and to come by here.

17. On January 19, 2013 at approximately 2:22 p.m., Wilson received a call from Lavey. Lavey told Wilson that he's just getting "out and about" and that he has to go by there. Wilson asked Lavey if it's the "sour" to which Lavey replied "that's what he said". Wilson told Lavey that he's waiting on him and that he needs it. Lavey asked Wilson "what do you need?". Wilson told Lavey that "if it's the sour he needs a Q".

18. I believe that during this telephone call Lavey planned on receiving a quantity of marijuana and was asking Wilson how much he wanted. "What do you need?" and that Wilson was interested in purchasing a quarter pound ("Q") if it was the sour which is a specific type of marijuana.

19. On January 23, 2013, at approximately 8:39 p.m., Wilson placed an outgoing call to Lavey and asked Lavey to come see him. Lavey agreed and stated he'd be right there. I believe that Wilson contacted Lavey to purchase a quantity of marijuana from Lavey.

20. At approximately 8:45 p.m., local law enforcement officers assigned to the investigation, through the use of a pole camera, observed Lavey arrive at Wilson's residence, 439

Ash Street Brockton, MA in a black Lexus SUV bearing Massachusetts registration 3463PY.[2] As previously stated an RMV check was conducted on this vehicle which showed this vehicle was registered to Robert Lavey and Maria Lavey of 57 Montrose Street, Brockton, MA. Lavey was observed entering Wilson's residence then exiting approximately two minutes later. Surveillance units followed Lavey directly from Wilson's residence back to Lavey's residence of 57 Montrose Street, Brockton MA where he arrived at approximately 8:51 p.m. Lavey returning to 57 Montrose Street immediately following the narcotics transaction indicates that Lavey is utilizing this location as a location to store proceeds and or records of Lavey's illicit narcotics enterprise (marijuana).

21. On February 4, 2013, Lavey called Wilson. During the conversation Wilson asked Lavey if he was "good" to which Lavey responded "yeah". Wilson also wanted to know if it was the "same thing" and what the name of it was. Lavey advised Wilson that it was different and that it was the "cush" and that it was "nice". Wilson continued asking about its name as though he didn't hear Lavey. Lavey responds it's "cush" and that he doesn't want to talk on the "fucking phone". At the end of the

---

[2] Some pole camera surveillance was recorded during this investigation but the footage at this particular time was not recorded.

conversation Wilson asked Lavey if he was "home" to which Lavey responded "yeah".

22. I believe that Lavey and Wilson discussed the type of marijuana to be sold, ("cush") and the quality, ("nice") along with concerns over the interception of calls.

### 3) Pen and Toll Analysis

23. There has been an existing relationship between Wilson and Lavey. The pen analysis demonstrated that there are at least 101 contacts between Wilson (508-315-2585) and Lavey (508-272-1514) between 11/26/12 and 3/1/13.

24. During the course of this investigation your affiant has analyzed pen register and telephone toll information of telephone's used by Wilson and Lavey. While intercepting calls during the TIII, investigators learned that Wilson began using a new telephone number. That number was identified as 508-345-9034. Toll and pen register analysis of 508-345-9034, which is currently being used by Wilson, shows over 40 contacts between Wilson and Lavey since January 30, 2013 with the last contact occurring on April 11, 2013. Based on my work on this investigation, I believe that these telephone contacts indicate that Lavey continues to sell marijuana to Wilson.

### 4) The Surveillance and Car Stop

25. On March 26, 2013, I observed two gray Nissan Altima's parked in front of 57 Montrose Street, Brockton, MA. One of the vehicles had Massachusetts registration 765DT2 and the other had 885FY1. An RMV check was conducted on both vehicles and showed 765DT2 as registered to Brian Schleehauf, DOB XX/XX/72 and 885FY1 as registered to Jeffrey Muldonian, DOB XX/XX/71.

26. A check of Muldonian's BOP revealed 13 adult arraignments dating back to 1993. In 1995, Muldonian was found guilty of Possession with Intent to Distribute Class D (marijuana).

27. A check of Schleehauf's BOP revealed 21 adult arraignments. Five of the 21 arraignments involved drug offenses. Specifically, in January 1999, Schleehauf was charged with Possession with Intent to Distribute Class D (marijuana), Controlled Substance in a School Zone, and Conspiracy to Violate Controlled Substance Act.

28. On March 27, 2013, at approximately 5:50 p.m. Massachusetts State Police Task Force Officers ("TFO") Stephen Johnson and Erik Telford, Brockton Police Department TFO Joseph Cummings and I established surveillance of Lavey's residence, 57 Montrose Street, Brockton, MA. At approximately 6:00 p.m., surveillance units observed Muldonian's gray Nissan Altima with Massachusetts registration 885FY1, which was parked in front of

Lavey's residence at the time surveillance was started, depart 57 Montrose Street.  Surveillance followed the vehicle onto Pearl Street where TFO Telford and Johnson conducted a traffic stop of the vehicle for a motor vehicle violation. The TFO's observed the operator and only occupant, later identified as Jeffrey Muldonian pull the vehicle to the right, however his upper torso was observed bending forward and to the right which made the TFO's concerned for their safety.  The vehicle came to a stop near 104 Turnpike Street in West Bridgewater, MA.  TFO Telford approached the operator's side and TFO Johnson approached the passenger's side.  When Muldonian put his window down TFO Telford immediately detected the odor of fresh marijuana coming from inside the vehicle.  Muldonian handed TFO Telford his license and registration and TFO Telford observed his hands shaking in a nervous manner.  TFO Telford asked Muldonian where he was coming from and he said he had just left his friend's house at 57 Montrose Street.  TFO Telford then asked Muldonian to exit his vehicle and explained his safety concerns and the odor of fresh marijuana.  Muldonian stated that he had a bag of marijuana down his pants and that he had just purchased it and offered to remove it.  Muldonian then removed a clear plastic bag containing a green leafy substance of suspected marijuana and handed it to TFO Telford.  Muldonian

confirmed that it was a half-ounce and that he paid $100 for it. In TFO Telford's opinion, the substance was marijuana based upon his training and experience with hundreds of seizures, arrests, and observations in the past and the color, texture and packaging. I also observed the suspected marijuana and agrees with the conclusion, based on my training and experience.

### 5) Surveillance of Likely Customers

29. On April 10, 2013, at approximately 4:00 p.m., TFO Erik Telford drove by 57 Montrose Street and observed Lavey's black Mercedes sedan in the driveway and a large blue GMC pickup truck with Massachusetts Registration 2684KP parked in front of Lavey's residence. This pickup departed at approximately 4:18 p.m. I observed Lavey operating his Mercedes sedan travelling towards his residence approximately five minutes prior to TFO Telford's observations. An RMV check was conducted on the pickup showed it as a 2001 GMC pickup owned by Donald Smith, DOB XX/XX/66. A BOP check of Smith revealed 10 adult arraignments dating back to 1989. Smith's most recent arraignment was in February 2006 for possession of Class D (marijuana), which Smith received a continued without a finding and which was eventually dismissed. TFO Telford also observed Muldonian's vehicle, Massachusetts registration 885FY1 arriving at 57 Montrose Street on April 10, 2013 at approximately the 4:15 p.m.

**CONCLUSION**

30.  The above activity combined with Lavey's known marijuana dealing, the criminal histories of the registered owners of the Nissan Altima and GMC pickup, the short meet time at Lavey's residence by some of the operator's of these vehicles and the traffic stop of Muldonian, indicate that marijuana transactions had recently occurred at 57 Montrose Street. The above suspected illegal drug activity suggests that Lavey is utilizing 57 Montrose Street, Brockton, MA to store amounts of marijuana for distribution. Additionally, the above activity suggests that Lavey has amounts of marijuana readily available for distribution and suggests that Lavey is utilizing this location to store proceeds and or records of marijuana sales.

31.  It is my opinion that 57 Montrose Street, Brockton, MA is a location owned and maintained by Robert Lavey, DOB XX/XX/72, to not only store drugs, but is maintained to prepare drugs for sale and secure it's proceeds. Additionally, paraphernalia associated with the distribution of marijuana, such as packaging material, scales, telephones, and records of marijuana quantities and monies owed may be maintained within 57 Montrose St, Brockton, MA. Originally based on of interceptions of telephone calls between Lavey and Wilson and more recently the pen register, toll analysis, and surveillance of Lavey's

residence, it is my opinion that Lavey is engaged in a continuing marijuana enterprise.

32. Based on the foregoing, I believe that there is probable cause to believe that there exists evidence, fruits and instrumentalities of violation of Title 21, United States Code, Sections 841(a)(1) and 846, as more fully described in Schedule B attached hereto, located at 57 Montrose Street, Brockton, MA, as more fully described in Schedule A.

Gregory M. Federico
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me this 12th day of April, 2013.

Marianne B. Bowler, USMJ
Marianne B. Bowler
United States Magistrate Judge